UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CLIFTON JETT TRANSPORT, INC.,    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     No. 1:21-cv-01064-JPH-MKK
                                 )
BARRETTE OUTDOOR LIVING, INC.,   )
                                 )
          Defendant.             )

## ORDER

Defendant Barrette Outdoor Living, Inc. has moved for leave to file a First Amended Answer and Counterclaim. Dkt. [96]. Barrette maintains that discovery unearthed information that would permit it to update its pleading, even though the scheduling order deadline to amend pleadings has already passed. In response, Plaintiff Clifton Jett Transport argues that Barrette delayed too long in submitting its amendment which, in any event, would cause "unjustifiable expense and delay." (Dkt. 101).

## I.   BACKGROUND

Clifton Jett Transport (CJT) and Barrette Outdoor Living (Barrette) each accuse the other of violating their service agreement under which CJT transported goods for Barrette. (Dkt. 1-1 at 5-6; Dkt. 14 at 2, 8). According to CJT, Barrette prematurely terminated the three-year agreement when it closed its Indianapolis facility and failed to compensate CJT accordingly. (Dkt. 1-1 at 5-6). Barrette in turn

counterclaims that CJT defaulted on the contract by refusing other opportunities that Barrette offered CJT at other Barrette facilities. (Dkt. 14 at 8).

## II. EVENTS PRECEDING BARRETTE'S MOTION TO AMEND

Barrette now seeks to amend its Answer and Counterclaim by, among other things, adding allegations and defenses relating to CJT's dealings with Amazon. Such amendments are timely, Barrette argues, because they arise from facts that only recently came to light in discovery. A brief review of that discovery history follows.

During discovery, Barrette asked CJT about its alleged damages and mitigation efforts. On September 9, 2021, Barrette learned that CJT "ha[d] performed work for Amazon beginning in November 2020." (Dkt. 96 at 1; Dkt. 101 at 2). Barrette alleges that it continued to search for more information about CJT's work for Amazon through various means. (Dkt. 96 at 2). CJT objects to this characterization of Barrette's discovery efforts, saying Barrette failed to follow up with CJT. (Dkt. 101 at 2). In any event, Barrette's actions (or inaction) did not produce documentation about CJT's dealings with Amazon that Barrette felt was sufficient. (Dkt. 96 at 2).

In early to mid-2022, Barrette served a non-party subpoena to Amazon for information relating to its dealings with CJT. (Dkt. 96 at 2; Dkt. 101 at 2 n.1). CJT initially opposed the request, (Dkt. 101-6), and the parties sought the Court's assistance. (Dkt. 53). At a May 2022 discovery conference, the Court ordered CJT to produce documents relating to damages, including but not limited to, profits,

income statements, balance sheets, and CJT's subsequent work for Amazon. (Dkt. 53 at 1-2; Dkt. 64 at 2). Such documents were "discoverable" and "applicable to [Barrette's] mitigation defense." (Dkt. 53 at 1). On July 19, 2022, the Court renewed its order to CJT to produce documents related to its damages and work for Amazon. (Dkt. 64).

As that debate continued, the Court extended case management deadlines. (Dkt. 71). But Barrette remained unsatisfied with CJT's subsequent production. (Dkt. 96 at 3). And on August 23, 2022, Barrette moved for CJT to be held in contempt, claiming that CJT failed, again, to produce documents complying with the Court's order(s) to produce information related to CJT's work with Amazon. (Dkt. 72).

Between August 30 and September 6, 2022, Barrette received documents pursuant to the non-party subpoena to Amazon related to CJT's work with Amazon. (Dkt. 96, at 4). According to Barrette, these additional documents changed everything, insofar as they revealed (a) that CJT and Amazon had entered into a service agreement on September 18, 2020, "three days before" CJT "refused to discuss" continuing operations with Barrette, and (b) that CJT was making more money working with Amazon than it would have made under its contract with Barrette. (*Id.* at 4-5).

So, on October 27, 2022, Barrette moved to amend its answer and counterclaim based on the information discovered in the documents produced by Amazon during the two preceding months. (Dkt. 96).

The deadline to amend pleadings, however, had expired on September 29, 2021. (Dkt. 29 at 2). For that, and other reasons, CJT objected to Barrette's request.

### III.   EVENTS FOLLOWING BARRETTE'S MOTION TO AMEND

In addition to the events leading up to the filing of Barrette's present motion, the Court finds it appropriate to highlight the events that followed.

On December 7, 2022, then-Magistrate Judge Pryor issued a Report and Recommendation[1] on Barrette's Motion to Hold CJT in Contempt for its alleged discovery abuses, recommending that all four elements of civil contempt were met and that CJT should be held in contempt for its action. (Dkt. 106). In the Report, the Court reviewed the timeline of the parties' Amazon-related discovery dispute. In doing so, the Court made findings regarding CJT's production of evidence relating to its damages and work for Amazon. (*Id.*).

On January 23, 2023, Plaintiff objected to the Report and Recommendation, directly challenging the facts and chronology of events as laid out in that Report. (Dkt. 114). Essentially, the parties dispute the discovery events of July through September 2022, the chronology of which directly affects the Court's consideration of the present motion. Specifically, the timeline of Barrette's efforts to obtain information pertaining to CJT's dealings with Amazon will have significant bearing on whether Barrette is permitted to amend its answer, as that determination rests on Barrette's diligence in seeking amendment and whether it can demonstrate good

---

[1] This Report and Recommendation was initially entered as an Order on the docket, but per the District Judge's entry issued on January 9, 2023, that order was construed as a Report and Recommendation and Plaintiff was given through January 23, 2023, to file any objections. (Dkt. 113).

cause. *See Cage v. Harper*, 42 F.4th 734, 743 (7th Cir. 2022) ("The timeline here is important.").

## IV. CONCLUSION

As it stands, the chronology of events as outlined in the previous Magistrate Judge's Report and Recommendation is currently pending in front of the District Judge. As such, it would likely be imprudent for the undersigned to decide whether Barrette can amend its answer at this time, given the risk that the necessary finding of good cause, or lack thereof, could be inconsistent with the Court's ultimate ruling on the facts underlying the contested Report and Recommendation.

Accordingly, for these reasons, the Court **DENIES** without prejudice Barrette's Motion for Leave to File First Amended Answer and Counterclaim, Dkt. [96], pending the Court's resolution of the Plaintiff's Objection to the Report and Recommendation, (Dkt. 114). If, after the objection has been resolved, Barrette still wishes to amend its answer, it may have fourteen days in which to file any motion requesting leave to amend its pleading.

So ORDERED.

Date: 1/31/2023

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record via email.