IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLIFTON JETT TRANSPORT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BARRETTE OUTDOOR LIVING, INC.,<br><br>Defendant. | Case No. 1:21-cv-01064-JPH |

**NOTICE OF CONTINUED RULE 30(B)(6) DEPOSITION**

TO: Clifton Jett Transport, Inc.
c/o Benjamin C. Ellis
Aaron Williamson
HKM Employment Attorneys LLP
320 N. Meridian St.
Suite 615
Indianapolis, IN 46204
bellis@khm.com
awilliamson@hkm.com

Please take notice that Defendant, Barrette Outdoor Living, Inc. ("Defendant"), by counsel, will continue the deposition upon oral examination of Plaintiff, Clifton Jett Transport, Inc. ("Plaintiff"), under Federal Rule of Civil Procedure 30(b)(6), on September 26, 2022, beginning at 1:00 p.m. The deposition will be taken at the offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 300 N. Meridian St., Suite 2700, Indianapolis, Indiana 46204, before a notary public or some other officer authorized to take depositions. The deposition will be recorded pursuant to those means provided for in the Federal Rules of Civil Procedure, including, sound,

sound-and-visual, and stenographic means. The deposition will continue from day-to-day until completed, or as otherwise agreed upon.

Plaintiff shall designate individuals as duly authorized and consenting to testify on its behalf as to the matters identified below:

1. The organizational structure of Plaintiff, including, but not limited to, the number of employees and independent contractors working for Plaintiff and each individual's job title and responsibilities.

2. The ownership structure of Plaintiff and any subsidiaries and affiliates.

3. Plaintiff's policies, procedures, and practices relating to agreements for transportation services.

4. Plaintiff's applications, forms, filings, submissions, and registrations to federal and state transportation agencies, including, but not limited to, the U.S. Department of Transportation ("DOT") and the Federal Motor Carrier Safety Administration ("FMCSA"), and any registrations, operating authorities, licenses, permits, or certifications obtained, denied, or revoked as a result of Plaintiff's applications, forms, filings, submissions, and registrations.

5. All information and details regarding the Agreement for Transportation Services between Plaintiff and Defendant ("Agreement"), including the Agreement's negotiation, drafting, formation, consideration, terms, representations, execution, performance, and alleged breaches and termination.

6. All communications by or between Plaintiff and/or any of its employees, independent contractors, or agents relating to the Agreement, including, but not

limited to, Clifton Jett, Gwennetta Lewis-Jett, Greg Dias, Steven Willis, and Joseph Maddox.

7. All communications by or between Plaintiff and/or any of its employees, independent contractors, or agents and Defendant and/or any of its employees independent contractors, or agents relating to the Agreement, including, but not limited to, John Boyle, Perry Faccenda, Mark Hicks, David Lair, and Brittany Maddox.

8. All information and details regarding compensation provided to Plaintiff by Defendant, including, but not limited to, Plaintiff's rates and charges, Plaintiff's invoices to Defendant, and Defendant's payment of Plaintiff's invoices.

9. All information and details regarding Plaintiff's damages caused by Defendant's alleged termination of the Agreement.

10. All information and details regarding all steps Plaintiff has taken in an effort to mitigate any of the damages that Plaintiff claims to have sustained as a result of any act or omission by or on behalf of Defendant, including all information and details regarding the work Plaintiff performed for Amazon beginning in November 2020.

11. All information and details regarding work Plaintiff performed for other shippers and/or entities from January 2, 2019, through the present, including each entity work was performed for, the dates of performance, the locations of performance, compensation related to the performance, and agreements related to the performance.

12. All information and details about the allegations in Plaintiff's Complaint, including, but not limited to, Plaintiff's allegations in Paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, and 23.

13. All information and details about the allegations in Defendant's Counterclaim, including, but not limited to, Defendant's allegations in Paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, and 22.

14. All information and details regarding Plaintiff's answers and supplemental answers to Defendant's First Set of Interrogatories to Plaintiff and Plaintiff's responses and supplemental responses to Defendant's First Requests for Production.

Plaintiff's designated corporate representatives shall bring the following documents to the deposition:

1. All documents reviewed in preparation for the deposition.

2. Plaintiff's applications, forms, filings, submissions, and registrations to federal and state transportation agencies, including the DOT and FMSCA, and any registrations, operating authorities, licenses, permits, or certifications obtained, denied, or revoked as a result of Plaintiff's applications, forms, filings, submissions, and registrations.

3. All communications by or between Plaintiff and/or any of its employees, independent contractors, or agents relating to the Agreement, including, but not limited to, Clifton Jett, Gwennetta Lewis-Jett, Greg Dias, Steven Willis, and Joseph Maddox.

4. All communications by or between Plaintiff and/or any of its employees, independent contractors, or agents and Defendant and/or any of its employees independent contractors, or agents relating to the Agreement, including, but not limited to, John Boyle, Perry Faccenda, Mark Hicks, David Lair, and Brittany Maddox.

5. All documents relating to Plaintiff's claimed damages, including, but not limited to, Plaintiff's invoices, balance sheets, income statements, and cash-flow statements from 2019 through the present.

6. All documents relating to steps Plaintiff has taken in an effort to mitigate any of the damages that Plaintiff claims to have sustained as a result of any act or omission by or on behalf of Defendant, including all documents regarding the work Plaintiff performed for Amazon.

7. All documents regarding work Plaintiff performed for other shippers and/or entities from January 2, 2019, through the present, including documents reflecting each entity work was performed for, the dates of performance, the locations of performance, compensation related to the performance, and agreements related to the performance.

Plaintiff shall notify Defendant of the identities of Plaintiff's designated corporate representatives no later than September 16, 2022.

Defendant reserves the right to amend this deposition notice as discovery is ongoing and Plaintiff has not yet supplemented its discovery responses or document production.

Respectfully submitted,

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

*s/* Kevin Roberts

Todd J. Kaiser, Atty. No. 10846-49
Kevin E. Roberts, Atty. No. 33822-49
300 N. Meridian St., Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 916-1300
Facsimile: (317) 916-9076
todd.kaiser@ogletree.com
kevin.roberts@ogletree.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served on September 9, 2022, to the following:

Benjamin C. Ellis
Aaron Williamson
HKM Employment Attorneys LLP
320 N. Meridian St.
Suite 615
Indianapolis, IN 46204
bellis@khm.com
awilliamson@hkm.com

s/ Kevin Roberts

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204
Telephone: 317.916.1300
Facsimile: 317.916.9076