

Suite 3300
920 Fifth Avenue
Seattle, WA  98104-1610

**Lauren A. McCray**
LaurenMcCray@dwt.com
(206) 622-8269 tel
(206) 757-7700 fax

November 23, 2022

The Hon. Magistrate Judge Doris L. Pryor
The United States District Court for the Southern District of Indiana
Indianapolis Division
MJPryor@insd.uscourts.gov


Re:   Amazon's Response, Discovery Conference Scheduling Order, *Clifton Jett Transport, Inc. v. Barrette Outdoor Living, Inc.*, 1:21-cv-01064

Dear Hon. Magistrate Judge Pryor:

We are in receipt of your scheduling order, and appreciate the opportunity to respond on behalf of nonparty Amazon.com, Inc./Amazon Logistics, Inc. ("Amazon").  Amazon's position is that a teleconference hearing is unnecessary because there is no discovery dispute between Amazon and Defendant Barrette Outdoor Living, Inc. ("Defendant").  Defendant made an arbitrary deadline demand for Amazon to finish its production, but the reality is that Amazon is still conducting a reasonable searches for missing invoices in response to the subpoena's discovery requests.

Consequently, Amazon intends to complete its production of outstanding documents in compliance with the subpoena issued from Defendant in the above-referenced matter within the next few weeks.

1. Background on the Subpoena to Amazon from Defendant/Outline of Dispute

As background, on April 18, 2022, Amazon received a subpoena issued by Defendant with six document requests. On April 20, 2022, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Amazon timely responded by serving objections to the breadth and scope of the requests covered by the subpoena.

In particular, Amazon's objections emphasized that Defendant failed to demonstrate any reasonable attempt to mitigate the undue burden and expense associated with collecting and producing more than one-hundred and twenty invoices before requesting or moving to compel these documents from Plaintiff Clifton Jett Transport, Inc. ("Plaintiff").  After all, invoices

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.
4881-0512-0064v.1 0051461-001872

EXHIBIT 5

Page 2

between Amazon and a Delivery Service Partner ("DSP") are generally equally accessible to both entities, and thus, Amazon believed Defendant should have first sought these items from the other party in the litigation.  *See* Fed. R. Civ. P. 45(d)(1); *see e.g., Rembrandt Patent Innovations v. Apple, Inc*., 2015 WL 4393581, at *2 (W.D. Tex. July 15, 2015) (holding subpoena issued to non-party is unduly burdensome "until and unless Plaintiffs can establish they are unable to obtain the requested information from the Defendant"); *In re Allergan,* 2016 WL 5922717, at *9 (C.D. Cal. Sept. 23, 2016) ("'Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party'" (citation omitted)); *Nidec Corp. v. Victor Co. of Japan,* 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."); *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("[T]hese requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from [the] nonparty") (citing *Dart Indus. Co. v. Westwood Chem. Co.,* 649 F.2d 646, 649 (9th Cir. 1980))); *Haworth, Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of motion to compel production from nonparty, holding "the district court could properly require [defendant] to seek discovery from its party opponent before burdening the nonparty [] with [an] ancillary proceeding").

On April 22, 2022, counsel for Amazon and Defendant met and conferred to discuss the subpoena's discovery requests. Amazon agreed to conduct a reasonable search for Plaintiff's application to Amazon's DSP program, any agreements and offers between them, and any responsive electronic mail communications between Amazon and Plaintiff to the extent they had been retained.

Amazon, however, initially pushed back on the request for actual invoices, and instead proposed it would provide the total amounts paid to Plaintiff for each payment instead of the actual invoices. In doing so, Amazon could generate an automated response to the request in minutes rather than requiring an Amazon paralegal to spend several hours manually gathering and preparing each invoice—a total of nearly one hundred and twenty—for production.

Defendant, however, rejected Amazon's proposal and maintained it needed the actual invoices, which requires an Amazon paralegal to manually collect and compile each of the nearly one hundred invoices at issue.  In response, Amazon reached out to Plaintiff and requested it provide the invoices to Defendant, and Amazon agreed to supplement any missing items.  Nevertheless, Amazon also began collecting each invoice for the nearly three year time period.

On September 20, 2022, after being moved to compel by Defendant, Plaintiff informed Amazon by letter that it was having trouble accessing the invoices, and therefore, needed Amazon to provide more than one-hundred invoices to Defendant on its behalf.  Although Defendant did not move to compel Amazon for these documents, Amazon agreed to produce the actual invoices to Defendant. Within the next few days, Amazon produced more than ninety invoices to Plaintiff and Defendant.  Some of the invoices, however, were not part of the original

Page 3

collection, and thus, Amazon agreed to follow-up on these documents, the online application, and the email communications that might exist.

About a month after Amazon made this production, Defendant demanded Amazon finish its production by October 20, 2022. Amazon, however, was and is still in the process of locating, collecting, and compiling additional invoices and online application that were not included in the initial collection, and thus, was not able to meet that deadline.

Consequently, Defendant then contacted this court for a discovery teleconference.

2. Amazon's Productions to Defendant and Current Discovery Status/Amazon's Position

To date, Amazon has produced nearly 300 documents in response to Defendant's subpoena, including agreements, a document highlighting key dates as to when Plaintiff executed its service agreement with Amazon's DSP program, its start date, as well as more than ninety invoices between Amazon and Plaintiff from July 31, 2021 to July 2, 2022. *See* Sub1011069 Confidential Production Bates 22-176 (09.20.2021), Bates 177-285 (09.21.2022), and Bates 286 (11.09.2022).

Amazon is currently in the process of preparing Plaintiff's online application for production, and intends to produce prior to the November 29th teleconference hearing. Amazon also believes it has less than twenty-five invoices it still owes Defendant. Amazon intends to produce them within the next few weeks.

Finally, Amazon conducted a reasonable search of its records and did not find any responsive emails between Plaintiff and Amazon. Emails are generally only retained up to 30-days by Amazon unless directly saved, and once deleted, cannot be reasonably retrieved after the retention period. Therefore, to the extent any emails exist between Plaintiff and Amazon, Defendant will need to request them from Plaintiff.

3. Amazon's Proposal for Resolution

As of the date of this response, Amazon is still currently working to produce the following two outstanding discovery items in response to Defendant's subpoena: (1) the almost twenty-five outstanding invoices between Amazon and Plaintiff for the time period between October/November 2020 (the start date) and July 31, 2021, and (2) Plaintiff's online application to Amazon's DSP program.

Amazon is currently in the process of preparing Plaintiff's online application for production prior to this teleconference scheduled on November 29th, and is willing to produce any and all outstanding invoices it has in its custody, control, and possession within the next few weeks along with an executed Declaration of Business Custodian from Amazon.

Page 4

      Consequently, because Amazon is still conducting reasonable searches and intends to complete its production before the end of 2022, Amazon respectfully requests Defendant allow Amazon to complete its production, preferably without the court's interference.

 Sincerely,

Davis Wright Tremaine LLP

James Howard

Lauren A. McCray

LaurenMcCray@dwt.com