IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLIFTON JETT TRANSPORT, INC., ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-01064-JPH-MKK |
| ) | |
| BARRETTE OUTDOOR LIVING, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S DETAILED AND VERIFIED ITEMIZATION OF COSTS AND ATTORNEYS' FEES

After an 11-month long discovery dispute with Plaintiff, Clifton Jett Transport, Inc. ("CJT"), which included two discovery conferences with Judge Garcia and two discovery orders from Judge Garcia, Defendant, Barrette Outdoor Living, Inc. ("Barrette"), filed a Motion to Hold Plaintiff in Contempt for violations of Judge Garcia's orders. Dkt. 72; Dkt. 74. The Court granted Barrette's Motion to Hold Plaintiff in Contempt in part and instructed Barrette to file a detailed and verified itemization of costs and attorneys' fees. Dkt. 106 at 10.

Pursuant to the Court's Order on Barrette's Motion to Hold Plaintiff in Contempt, Dkt. 106, Barrette respectfully submits its Detailed and Verified Itemization of Costs and Attorneys' Fees and requests the Court order CJT to reimburse Barrette for $94,686.05 in attorneys' fees and costs Barrette incurred and likely will incur as a result of CJT's failure to produce information and documents regarding its work for Amazon and its revenues, expenses, and profits.

EXHIBIT 21

**RELEVANT PROCEDURAL HISTORY**

On or about March 22, 2021, CJT sued Barrette for breach of contract, alleging Barrette breached the parties' Agreement, CJT has "lost revenue and suffered other damages as a result of [Barrette's] breach of the Agreement," and "Paragraph 9 of the Agreement says if [Barrette] terminates the Agreement without cause, [Barrette] has to pay CJT the pro rata remaining value of the term of the Agreement." Dkt. 1-3 at ¶¶ 17, 19–23. On September 9, 2021, Barrette served written discovery on CJT to determine CJT's alleged damages and its mitigation efforts, and CJT stated it had "performed work for Amazon beginning in November 2020." Dkt. 73-1 at 11.

On August 23, 2022, after 11 months of attempting to obtain information and documents regarding CJT's work for Amazon, which included conducting follow-up discovery, participating in telephonic discovery conferences, taking an agreed-upon Rule 30(b)(6) deposition, serving nonparty discovery requests, preparing and presenting arguments before the Court, and attempting to obtain compliance with the Court's orders, Barrette moved to hold CJT in contempt and requested the Court enter an order holding CJT and its counsel in contempt, dismissing CJT's claims against Barrette with prejudice, and requiring CJT and its counsel to pay Barrette's attorneys' fees and costs in seeking documents regarding CJT's alleged work for Amazon and preparing and prosecuting its contempt motion. Dkt. 72 at 1.

In support of its contempt motion, Barrette submitted exhibits and its 17-page memorandum, which detailed Barrette's unsuccessful attempts to obtain information and documents regarding CJT's work for Amazon and its revenues, expenses, and

profits, including multiple discovery deficiency letters, multiple discovery conferences, an agreed-upon Rule 30(b)(6) deposition, two telephonic discovery conferences with the Court, and two Orders from the Court. *See* Dkt. 74 at 1–9. On September 6, 2022, CJT filed a 26-page response opposing Barrette's contempt motion, Dkt. 84 at 1–26, and submitted 27 exhibits in support of its response, Dkt. 85 at 1. CJT also moved the Court for an evidentiary hearing on Barrette's contempt motion a few days later, on September 11, 2022. Dkt. 87 at 1–2. On September 13, 2022, Barrette filed a 16-page reply in support of its contempt motion, Dkt. 90 at 1–16, and on September 26, 2022, Barrette filed its 5-page response opposing CJT's motion for an evidentiary hearing, Dkt. 91 at 15.

On December 7, 2022, the Court granted in part and denied in part Barrette's contempt motion. The Court held CJT in contempt, stated Barrette's "attorneys' fees and costs related to serving discovery requests, conducting follow-up discovery, participating in telephonic discovery conferences, taking an agreed-upon Rule 30(b)(6) deposition, and preparing and prosecuting [its] motion for contempt" were "compensable," Dkt. 106 at 10, and ordered Barrette to submit "a detailed calculation of reasonable costs and attorney fees incurred," Dkt. 106 at 10.

## ITEMIZATION OF COSTS AND ATTORNEYS' FEES

The standard used for computing reasonable attorneys' fees is well established. "Reasonable attorney's fees are equal to a reasonable rate multiplied by the number of hours reasonably expended . . . ." *Grady v. Affiliated Computer Servs.*, No. 1:13-cv-00342-TWP-MJD, 2014 WL 6066049, at *2 (S.D. Ind. Nov. 13, 2014). The prevailing

attorney is presumptively entitled to the rate that attorney charged, regardless of whether the attorney charges a rate above or below the market average, although here, Barrette's counsel charges Barrette below the market average. *See Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993). The district court has wide discretion when determining whether the time an attorney spends on a motion is reasonable. *See Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007). The moving party bears the burden of demonstrating its fees are reasonable. *Id.*

Additionally, courts in this circuit (and others) have "rejected the notion that a prevailing party may only recover attorney fees directly related to making the motion . . . ." *See Rackemann v. LISNR, Inc.*, No. 1:17-cv-00624-MJD-TWP, 2018 WL 3328140, at *5 (S.D. Ind. July 6, 2018). Instead, a party is entitled to recover all fees associated with tasks that "are made necessary by the opposing party's failure to provide the requested discovery." *Id.* at *6. This includes: (1) fees incurred researching, drafting, revising, and filing motions, as well as time spent replying to opposing counsel's response, *see Uszak v. Yellow Transp., Inc.*, No. 1:06-cv-00837, 2007 WL 2085403, at *8 (N.D. Ohio July 13, 2007), *aff'd in part, rev'd in part on other grounds*, 343 F. App'x 102 (6th Cir. 2009); (2) fees for meeting and conferring with opposing counsel regarding discovery disputes, *Rackemann*, 2018 WL 3328140, at *6; and (3) fees for drafting a motion for attorneys' fees and attending Court conferences related to the motion, *Phillips v. Vasil Mgmt. Co.*, No. 1:10-cv-610-WTL-TAB, 2012 WL 177406, at *2 (S.D. Ind. Jan. 20, 2012).

4

EXHIBIT 21

Under the standard outlined above, Barrette submits the following detailed and verified calculation of costs and attorneys' fees incurred in attempting to obtain information and documents regarding CJT's work for Amazon:

    a. Costs and attorneys' fees incurred in November 2021, December 2021, and January 2022 in conducting follow-up[1] discovery related to CJT's work for Amazon and its revenues, expenses, and profits in advance of the parties' depositions, which included emailing CJT's counsel, analyzing CJT's discovery responses for deficiencies, drafting discovery deficiency letters, and participating in telephonic discovery conferences with CJT's counsel[2]:

                                                                                                         $4,393.50

    b. Costs and attorneys' fees incurred in February 2022 and March 2022 in conducting more follow-up discovery related to CJT's work for Amazon and its revenues, expenses, and profits in advance of the parties' depositions, taking an agreed-upon Rule 30(b)(6) deposition, and conducting follow-up discovery after the parties' depositions related to CJT's work for Amazon and its revenues, expenses, and profits, which included identifying documents to collect during the deposition, drafting the deposition topics and document requests, participating in telephonic discovery conferences with CJT's counsel, revising the deposition topics and documents requests,[3] emailing CJT's counsel, preparing for and participating in a discovery conference with CJT's counsel, and analyzing deposition transcripts to identify outstanding documents to collect from CJT:

                                                                                                         $5,968.80

---

[1] Barrette does not request fees related to serving its initial discovery on CJT.

[2] Barrette does not request costs or fees related to analyzing two bankers boxes of invoices produced by CJT—none of which related to CJT's revenues, expenses, or profits related to its work for Amazon—which amounted to incurred fees of $8,457.30. Exhibit 1 ¶ 20 n.2 & Attachment A at 15–19.

[3] Barrette does not request costs or fees related to preparing for the depositions of CJT, Clifton Jett, or Gwennetta Lewis-Jett or taking the depositions, which amount to fees and costs of $29,110.18. Exhibit 1 ¶ 20 n.3 & Attachment A at 19–25.

c. Costs and attorneys' fees incurred in April 2022 and May 2022 serving a nonparty subpoena on Amazon, attempting to resolve the parties' dispute regarding the discovery prior to the parties' first discovery conference with Judge Garcia, participating in the first discovery conference with Judge Garcia, and attempting to resolve the parties' dispute after the first conference, which included emailing CJT's counsel, drafting a discovery deficiency letter to CJT's counsel, identifying alternative methods to obtain documents regarding CJT's work for Amazon, drafting and serving a nonparty subpoena to Amazon, analyzing and responding to CJT's objections to Barrette's subpoena to Amazon, analyzing and responding to Amazon's objections to Barrette's subpoena to Amazon, preparing for and participating in discovery conferences with CJT's counsel and Amazon's counsel, analyzing case law regarding CJT's refusal to produce documents regarding CJT's work for Amazon, drafting a synopsis of the parties' dispute for Judge Garcia, preparing for and participating in a discovery conference with Judge Garcia, and emailing CJT's counsel to obtain compliance with Judge Garcia's first discovery conference order:

$9,360.90

d. Costs and attorneys' fees incurred in June 2022 and July 2022 in continuing to attempt to resolve the parties' dispute, participating in a second discovery conference with Judge Garcia, and attempting to resolve the parties' dispute after the second discovery conference, which included emailing CJT's counsel, preparing for and participating in telephonic discovery conferences with CJT's counsel, emailing Amazon's counsel, drafting a discovery deficiency letter to CJT's counsel, moving to extend the parties' case-management deadlines, drafting a second synopsis of the parties' dispute for Judge Garcia, preparing for and participating in a second discovery conference with Judge Garcia, emailing Amazon's counsel, analyzing and responding to CJT's motion to extend its time to produce documents, and responding to Amazon's request for a duplicative, attorneys' eyes only protective order:

$9,085.95

e. Costs and attorneys' fees incurred in August 2022, September 2022, and October 2022 in preparing and prosecuting Barrette's contempt motion and continuing to attempt to resolve the parties' dispute, which included analyzing CJT's noncompliant document production, analyzing's CJT's reply in support of its motion to extend time to produce documents, emailing Amazon's counsel, participating in discovery conferences with CJT's and Amazon's counsel regarding failures to produce documents relating to CJT's work for Amazon and CJT's revenues, expenses, and profits, outlining, drafting, and revising Barrette's contempt motion, drafting another synopsis of the parties' dispute for Judge Garcia, preparing for and participating in a third discovery conference with Judge Garcia, analyzing Amazon's supplemental document production, analyzing CJT's response to Barrette's contempt motion, drafting and revising Barrette's reply in support of its contempt motion, drafting a discovery-deficiency email to Amazon's counsel, analyzing CJT's motion for an evidentiary hearing relating to Barrette's contempt motion, drafting a response to CJT's motion for an evidentiary hearing, noticing continued depositions of CJT, Clifton Jett, and Gwennetta Lewis-Jett based on Amazon's supplemental document production, moving to extend the parties' case-management deadlines, and preparing for a discovery conference with Judge Pryor regarding Amazon's failure to produce records relating to CJT's work for Amazon:

$33,260.40

f. Costs and attorneys' fees incurred in November 2022 in continuing to attempt to resolve the parties' dispute and preparing for and participating in discovery conferences with Judge Pryor, which included preparing for and participating in a discovery conference with Judge Pryor, analyzing CJT's deficient supplemental tax records and identifying missing records relating to CJT's revenues, expenses, and profits, emailing CJT's counsel regarding CJT's deficient supplemental tax records, analyzing Amazon's supplemental document production, drafting Barrette's position regarding the discovery dispute with Amazon for Judge Pryor, analyzing Amazon's position

<blockquote>
regarding the discovery dispute, preparing for and participating in another discovery conference with Judge Pryor:

$6,162.30
</blockquote>

g. Costs and attorneys' fees incurred in December 2022 and January 2023 in continuing to attempt to resolve the parties' dispute and preparing Barrette's detailed and verified itemization of costs and attorneys' fees, which included emailing Amazon's counsel regarding its supplemental document production, analyzing Judge Pryor's order granting in part Barrette's contempt motion and denying CJT's evidentiary hearing motion, analyzing Amazon's supplemental document production, emailing CJT's counsel regarding CJT's failure to comply with court orders and the continued depositions of CJT, Jett, and Lewis-Jett, analyzing, reducing, and redacting 11 months of Barrette's legal bills to prepare Barrette's detailed and verified itemization of costs and attorneys' fees, and drafting Barrette's detailed and verified itemization of costs and attorneys' fees.

$16,750.80

Total Costs and Attorneys' Fees Incurred: $84,982.65

Exhibit 1, Declaration of Todd J. Kaiser.

Barrette's total costs and attorneys' fees incurred to date related to obtaining information and documents regarding CJT's work for Amazon and its revenues, expenses, and profits does not include two significant activities: (1) Barrette's counsel's multi-attorney analysis of thousands of invoices produced by CJT—none of which provided any information related to CJT's work for Amazon or its revenues, expenses, or profits related to that work; and (2) Barrette's counsel's preparation for and taking of the depositions of CJT, Jett, and Lewis-Jett. These two items resulted

8

EXHIBIT 21

in Barrette incurring costs and attorneys' fees of $8,457.30 and $29,110.18, respectively. Exhibit 1 ¶ 22 & Attachment A at 15–25.

Although Barrette's total costs and attorneys' fees incurred to date does not include these two significant items, Barrette anticipates it will incur additional attorneys' fees and costs analyzing documents relating to CJT's work for Amazon and its revenues, expenses, and profits and preparing for and taking continued depositions of CJT, Jett, and Lewis-Jett related to these documents. Based on Barrette's prior attorneys' fees and costs related to similar activities, Barrette conservatively estimates it will incur attorneys' fees and costs of $9,703.40 in analyzing these documents and preparing for and taking the continued depositions of CJT, Jett, and Lewis-Jett—although this number could be much higher. This estimate equals only one-third of the fees and costs incurred in preparing for and taking the depositions of CJT, Jett, and Lewis-Jett.

Barrette's total costs and attorneys' fees incurred to date related to obtaining information and documents regarding CJT's work for Amazon and CJT's revenues, expenses, and profits, $84,982.65, and Barrette's anticipated attorneys' fees and costs related to analyzing additional documents and preparing for the continued depositions of CJT, Jett, and Lewis-Jett, $9,703.40, equal the total amount of $94,686.05. Barrette respectfully requests the Court to enter an order requiring CJT to reimburse Barrette for its attorneys' fees and costs incurred to date and anticipated to be incurred in this total amount.

This amount is reasonable because it is based on the actual amount of attorneys' fees Barrette incurred over a span of nearly 11 months because of CJT's refusal to provide sufficient information or documents regarding its work for Amazon and its revenues, expenses, and profits—even after two Court orders requiring production of the information and documents—as well as Barrette's anticipated attorneys' fees and costs to be incurred. *See Annie Oakley Enters. Inc. v. Amazon.com, Inc.*, 1:19-cv-01732-JMS-MJD, 2021 WL 3039035, at *1, *7–8 (S.D. Ind. Mar. 29, 2021) (recommending plaintiff and its counsel who failed to produce revenue information due to "the manner in which Plaintiffs operated their business" be barred from "seeking actual damages of any kind th[e] case" and required to reimburse defendants' attorneys' fees and costs), *report and recommendation adopted*, 2021 WL 2373779, at *1, *18 (S.D. Ind. June 10, 2021) (affirming award of $86,448.50 in attorneys' fees to defendants and requiring the fees to be paid by plaintiff's counsel); *Panwar v. Access Therapies, Inc.*, No. 1:12-cv-00619, 2014 WL 820023, at *1, *12 (S.D. Ind. Mar. 3, 2014) (awarding $28,431.46 in attorneys' fees and costs against party who failed to produce documents "despite repeated discovery requests, party conferral, and Court intervention").

In its Order on Barrette's Motion to Hold Plaintiff in Contempt, the Court specifically stated Barrette's "attorneys' fees and costs related to serving discovery requests, conducting follow-up discovery, participating in telephonic discovery conferences, taking an agreed-upon Rule 30(b)(6) deposition, and preparing and prosecuting [its] motion for contempt" were "compensable," Dkt. 106 at 10, and

10

EXHIBIT 21

Barrette's itemization of costs and fees only relate to costs and fees incurred as a result of CJT's failure to produce information or documents related to CJT's work for Amazon and CJT's revenues, expenses, and profits.

The specific bases for Barrette's request are detailed in Exhibit 1, Declaration of Todd J. Kaiser, including Attachment A to the Declaration, which contains redacted and reduced copies of Barrette's legal bills in this action. Barrette has redacted and/or reduced entries that do not relate to Barrette's attempts to obtain information and documents regarding CJT's work for Amazon.

Granting Barrette's fees and costs not only will compensate Barrette for the fees and costs it has incurred in attempting to obtain documents and information regarding CJT's work for Amazon but it will also, hopefully, incentivize CJT to comply with the Court's Orders and any future orders. *See, e.g.*, *Britt Interactive LLC v. A3 Media LLC*, No. 1:16-cv-02884-TWP-DML, 2018 WL 1165862, at *1, *3 (S.D. Ind. Mar. 5, 2018) (adopting magistrate judge's report and recommendation granting parties' contempt motion, holding the moving party was entitled to recover its fees, and reasoning "'[c]ontempt is a unique civil sanction because its aim is both coercive and compensatory'"); *People for the Ethical Treatment of Animals, Inc. v. Wildlife in Need and Wildlife in Deed, Inc.*, No. 4:17-cv-00186-RLY-DML, 2019 WL 2028719, at *1, *4 (S.D. Ind. Mar. 27, 2019) (granting party's contempt motion, awarding moving party's attorneys' fees, and reasoning "[c]ivil contempt remedies (as opposed to criminal contempt remedies) coerce compliance").

For example, in the parties' last exchanges regarding CJT's compliance with the Court's Orders prior the Court's Order on Barrette's contempt motion, Barrette's counsel emailed CJT's counsel on October 27, 2022, regarding CJT's production of its 2021 and 2022 tax documents, which CJT previously promised to the Court it would produce upon their completion, Dkt. 84 at 18. CJT's counsel responded on November 1, 2022, by producing <u>two documents</u> totaling <u>three pages</u>, which purportedly included "Amazon's confirmation that it did not issue tax documents . . . to CJT" and CJT's "2021 Schedule C", and stated "[m]y understanding is that our production of documents is complete – please let us know by the end of this week if you disagree." On November 4, 2022, Barrette's counsel replied the production was not complete or compliant with the Court's Order and requested CJT's counsel availability for a telephonic conference. Instead of producing complete copies of the promised tax returns or providing availability for a telephonic conference, CJT's counsel demanded Barrette's counsel "specifically identify the documents or information you believe exist and that you lack at this point." Barrette's counsel responded, stated Barrette wanted CJT to comply with the Court's Order, and specifically identified how CJT's production did not comply with the Court's Order:

> 1. **Jett-002308:** This is an email from "Amazon Payee Central" to Clifton Jett stating Amazon did not issue any tax forms. The Court ordered CJT to produce documents relating to CJT's subsequent work for Amazon—not just tax forms issued by Amazon to CJT. This document does not provide any information about CJT's revenues, expenses, or profits in 2019, 2020, 2021, or early 2022, or any information about CJT's subsequent work for Amazon, such as when CJT applied (application), when CJT received an offer (offer), how much work CJT has

12

EXHIBIT 21

          performed for Amazon (invoices), how much CJT has been paid by Amazon (payments records), or how much CJT has profited from its work for Amazon (financial statements/bank statements).

    **2.**     **Jett-002309 to -002310:** This is an incomplete copy of a 2021 Schedule C to Form 1040, Profit or Loss from Business, for CJT, referencing "Statement #1." The production of this document is facially deficient. Where are the rest of CJT's tax documents for 2021? Where is the 1040? Where is "Statement #1"? Where are the other schedules/statements? Further, the document shows $2,675,546 in gross receipts or sales. Where are CJT's records relating to these sales? The document shows expense wages of $1,561,559, and other expenses of $93,158. Where are records of these expenses? The documents shows a tentative profit of $317,978. Where are CJT's records of how this profit was distributed? Where has CJT provided any information relating to its 2022 revenues, expenses, or profits?

For the second time, instead of producing complete copies of the promised tax returns or providing availability for a telephonic conference, CJT's counsel did not supplement its production and stated "any further supplementation will only serve to generate more follow-on requests." Exhibit 2 at 1–7.

On December 14, 2022, after the Court's Order on Barrette's contempt motion, CJT's counsel emailed Barrette's counsel and informed Barrette's counsel CJT's counsel was meeting with Clifton Jett ("Jett") on December 22, 2022 "to determine what additional documents exists in CJT's possession, custody, or control that have been ordered to be produced" and would "follow up with [CJT's counsel] again after that meeting." Exhibit 3 at 1.

On December 30, 2022, CJT's emailed Barrette's counsel and produced more than 200 pages of additional emails allegedly "relating to the formation period

13

EXHIBIT 21

between CJT and Amazon." Exhibit 4 at 1. This supplemental production included, among other relevant documents, Amazon's offer to CJT to join Amazon's Delivery Service Partner program dated September 11, 2020—*five days before* CJT emailed Barrette to "get the ball rolling on speaking with someone about the remaining time on [CJT's] contract," and *10 days before* Jett participated in a telephone call with Barrette in which Barrette attempted to discuss other "routes" with CJT but CJT stated they should get "legal minds" involved. *Compare* Exhibit 5 at 1, *with* Dkt. 89-4 at 2, *and* Dkt. 89-1 at 4–5 (CJT Dep. Vol. II 252:14–253:24).

Although this supplemental production also included emails from "Amazon Payee Central" to Jett, Exhibit 6 at 1, CJT's counsel did not explain why these emails were not previously produced. Exhibit 4 at 1. This is troubling because CJT previously produced emails involving the same two entities—"Amazon Payee Central" and Jett—on November 1, 2022, and stated his "understanding is that our production of documents is complete." *See* Exhibit 6 at 1–2 (produced on December 30, 2022); Exhibit 7 at 1 (produced on November 1, 2022). As of the filing of this Detailed and Verified Itemization of Costs and Attorneys' Fees, CJT has not produced additional documents related to CJT's work for Amazon or its revenues, expenses, or profits from 2019, 2020, 2021, or 2022.

## CONCLUSION

For each and all of the foregoing reasons, Defendant respectfully requests that the Court order CJT to reimburse Barrette in the amount of $94,686.05 for the total costs and attorneys' fees it incurred and anticipated to be incurred as a result of CJT's

14

EXHIBIT 21

failure to produce information and documents relating to CJT's work for Amazon and CJT's revenues, expenses, and profits and all other appropriate relief.

                Respectfully submitted,

                Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

                By: s/ Kevin Roberts
                    Todd J. Kaiser, Atty. No. 10846-49
                    Kevin Roberts, Atty. No. 33822-49
                    300 N. Meridian Street, Suite 2700
                    Indianapolis, IN 46204
                    Telephone: 317.916.1300
                    Facsimile: 317.916.9076
                    todd.kaiser@ogletree.com
                    kevin.roberts@ogletree.com

                Attorneys for Defendant

## **VERIFICATION**

    I, Todd J. Kaiser, declare that I have read Defendant's Detailed and Verified Itemization of Costs and Attorneys' Fees; that I know the contents thereof; that I have reviewed the relevant business records; and that the statements in Defendant's Detailed and Verified Itemization of Costs and Attorneys' Fees are true and correct.

                                                       /s/ Todd J. Kaiser

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 6, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            Benjamin C. Ellis
                                            bellis@hkm.com


                                           s/ Kevin Roberts

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: 317.916.1300
Facsimile: 317.916.9076