IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLIFTON JETT TRANSPORT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-01064-JPH-MKK |
| | ) |
| BARRETTE OUTDOOR LIVING, INC., | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF TODD J. KAISER

I, Todd J. Kaiser, hereby affirm the truth of the following:

1. I am an adult of legal age and sound mind.

2. The matters detailed herein are made upon personal knowledge. I would testify consistent with this Declaration if called to testify in this matter.

3. I am a shareholder at the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree"), in Indianapolis, Indiana.

4. I have managed and overseen the representation of Defendant, Barrette Outdoor Living, Inc. ("Barrette"), in this matter.

5. I make this Declaration in connection with Barrette's Detailed and Verified Itemization of Costs and Attorneys' Fees.

6. I have personal knowledge of the attorneys' fees and costs Barrette incurred pursuing information and documents from Plaintiff, Clifton Jett Transport, Inc. ("CJT"), relating to CJT's work for Amazon and its revenues, expenses, and profits in 2019, 2020, 2021, and 2022. Those records are kept in the ordinary course

EXHIBIT 23

of the regularly conducted business activities of Ogletree, and it is the regular practice of the firm to keep such records. Ogletree routinely relies on such records in the ordinary course of its business activities.

7. I am admitted to practice law in the state and federal courts in the State of Indiana. I have practiced law since 1986, after graduating from the Indiana University School of Law.

8. Since 2000, I have been a shareholder at Ogletree, an international law firm which represents employers in a wide range of litigation, among other matters. I have significant litigation experience, including experience representing companies in lawsuits alleging claims for breach of contract, like those raised in this lawsuit.

9. In light of our firm's relationship with Barrette, Barrette and Ogletree have negotiated hourly rates for Ogletree attorneys and paralegals for time spent working on Barrette litigation matters, including this lawsuit. The hourly rates detailed herein are lower than the usual and customary rates charged by Ogletree attorneys and paralegals in other, similar matters.

10. On this matter, my hourly rate was $486 in 2021 and $508.50 in 2022. My time was billed in six-minute increments.

11. The large majority of the work on this matter was handled by Kevin Roberts, an associate attorney at Ogletree. Mr. Roberts is admitted to practice law in the state and federal courts in Indiana as well as the state and federal courts in Kentucky. Mr. Roberts has practiced law since October 2015, after graduating from

EXHIBIT 23
2

the Indiana University Maurer School of Law. He has significant litigation experience, including experience in business-litigation matters like this lawsuit.

12. On this matter, Mr. Roberts's hourly rate was $351.00 in 2021 and $373.50 in 2022, billed in six-minute increments.

13. Mr. Roberts and I were assisted throughout this matter by other Indiana-licensed associate attorneys with lower hourly rates, including Jacy Rush, Jordan Heck, and Phillip Jones. Ms. Rush, Mr. Heck, and Mr. Jones all graduated from the Indiana University Maurer School of Law and have been practicing law in Indiana since 2018, 2019, and 2021, respectively. Mr. Roberts and I also were assisted by paralegals Melissa Couch and Kelli Jachimiak. The hourly rates charged by these legal professionals in this matter are detailed in the attached invoices.

14. The hourly rates charged by Ogletree's attorneys and paralegals are based on the experience, education, and training of our professionals. I am aware of the fees charged by attorneys and legal professionals with similar experience in the Indianapolis, Indiana area, and it is my professional opinion that Ogletree's standard rates are in accordance with (and frequently lower than) the rates charged by other legal professionals in the community with similar experience, education, and training.

15. Ogletree's standard rates are regularly paid by our clients in similar litigation matters, and they have been paid by our client here.

16. This case is notable in that the ratio of work performed at the associate level in this case was significantly higher than the typical case. Almost 90 percent of

EXHIBIT 23

the hourly legal work in this matter was completed at the associate or paralegal level, which helped to minimize the amount of fees charged to Barrette.

17. In particular, Mr. Roberts handled the large majority of the substantive legal work in this matter. Mr. Roberts delegated work to junior associates, paralegals, and litigation support staff as appropriate, while I provided revisions, oversight, and strategic input throughout the case.

18. I have reviewed our firm's legal bills to Barrette relating to this matter. A true and accurate copy of Barrette's redacted and reduced legal fees and costs is attached to this Declaration as Attachment A.

19. Ogletree has invoiced or will invoice Barrette the amounts indicated for each of the time entries. Ogletree has redacted and reduced those portions of the time records that are not related to Barrette's attempts to obtain information and documents regarding the work performed Amazon by CJT or CJT's revenues, expenses, and profits in 2019, 2020, 2021, or 2022. Ogletree also has redacted those portions of the time records that reflect the substance of privileged communications with Barrette.

20. The work performed by our law firm in an effort to obtain information and documents regarding CJT's work for Amazon and CJT's revenues, expenses, and profits was significant and includes (but is not limited to) the following:

    a. Costs and attorneys' fees incurred in November 2021, December 2021, and January 2022 in conducting follow-up[1]

---

[1] Barrette does not request costs or fees related to serving its initial discovery requests on CJT.

EXHIBIT 23
4

    discovery related to CJT's work for Amazon and its revenues, expenses, and profits in advance of the parties' depositions, which included emailing CJT's counsel, analyzing CJT's discovery responses for deficiencies, drafting discovery deficiency letters, and participating in telephonic discovery conferences with CJT's counsel[2]:

                           $4,393.50

b. Costs and attorneys' fees incurred in February 2022 and March 2022 in conducting more follow-up discovery related to CJT's work for Amazon and its revenues, expenses, and profits in advance of the parties' depositions, taking an agreed-upon Rule 30(b)(6) deposition, and conducting follow-up discovery after the parties' depositions related to CJT's work for Amazon and its revenues, expenses, and profits, which included identifying documents to collect during the deposition, drafting the deposition topics and document requests, participating in telephonic discovery conferences with CJT's counsel, revising the deposition topics and documents requests,[3] emailing CJT's counsel, preparing for and participating in a discovery conference with CJT's counsel, and analyzing deposition transcripts to identify outstanding documents to collect from CJT:

                           $5,968.80

c. Costs and attorneys' fees incurred in April 2022 and May 2022 serving a nonparty subpoena on Amazon, attempting to resolve the parties' dispute regarding the discovery prior to the parties' first discovery conference with Judge Garcia, participating in the first discovery conference with Judge Garcia, and attempting to resolve the parties' dispute after the first conference, which included emailing CJT's counsel, drafting a discovery deficiency letter to CJT's

---

[2] Barrette does not request costs or fees related to analyzing two bankers boxes of invoices produced by CJT—none of which related to CJT's revenues, expenses, or profits related to its work for Amazon—which amounted to incurred fees of $8,457.30. Attachment A at 15–19.

[3] As described later, Barrette does not request costs or fees related to preparing for the depositions of CJT, Clifton Jett, or Gwennetta Lewis-Jett or taking the depositions, which amount to fees and costs of $29,110.18. Attachment A at 19–25.

EXHIBIT 23
5

        counsel, identifying alternative methods to obtain documents regarding CJT's work for Amazon, drafting and serving a nonparty subpoena to Amazon, analyzing and responding to CJT's objections to Barrette's subpoena to Amazon, analyzing and responding to Amazon's objections to Barrette's subpoena to Amazon, preparing for and participating in discovery conferences with CJT's counsel and Amazon's counsel, analyzing case law regarding CJT's refusal to produce documents regarding CJT's work for Amazon, drafting a synopsis of the parties' dispute for Judge Garcia, preparing for and participating in a discovery conference with Judge Garcia, and emailing CJT's counsel to obtain compliance with Judge Garcia's first discovery conference order:

        <u>$9,360.90</u>

d.   Costs and attorneys' fees incurred in June 2022 and July 2022 in continuing to attempt to resolve the parties' dispute, participating in a second discovery conference with Judge Garcia, and attempting to resolve the parties' dispute after the second discovery conference, which included emailing CJT's counsel, preparing for and participating in telephonic discovery conferences with CJT's counsel, emailing Amazon's counsel, drafting a discovery deficiency letter to CJT's counsel, moving to extend the parties' case-management deadlines, drafting a second synopsis of the parties' dispute for Judge Garcia, preparing for and participating in a second discovery conference with Judge Garcia, emailing Amazon's counsel, analyzing and responding to CJT's motion to extend its time to produce documents, and responding to Amazon's request for a duplicative, attorneys' eyes only protective order:

        <u>$9,085.95</u>

e.   Costs and attorneys' fees incurred in August 2022, September 2022, and October 2022 in preparing and prosecuting Barrette's contempt motion and continuing to attempt to resolve the parties' dispute, which included analyzing CJT's noncompliant document production, analyzing's CJT's reply in support of its motion to extend time to produce documents, emailing Amazon's counsel,

EXHIBIT 23
6

participating in discovery conferences with CJT's and Amazon's counsel regarding failures to produce documents relating to CJT's work for Amazon and CJT's revenues, expenses, and profits, outlining, drafting, and revising Barrette's contempt motion, drafting another synopsis of the parties' dispute for Judge Garcia, preparing for and participating in a third discovery conference with Judge Garcia, analyzing Amazon's supplemental document production, analyzing CJT's response to Barrette's contempt motion, drafting and revising Barrette's reply in support of its contempt motion, drafting a discovery-deficiency email to Amazon's counsel, analyzing CJT's motion for an evidentiary hearing relating to Barrette's contempt motion, drafting a response to CJT's motion for an evidentiary hearing, noticing continued depositions of CJT, Jett, and Lewis-Jett based on Amazon's supplemental document production, moving to extend the parties' case-management deadlines, and preparing for a discovery conference with Judge Pryor regarding Amazon's failure to produce records relating to CJT's work for Amazon:

$33,260.40

f. Costs and attorneys' fees incurred in November 2022 in continuing to attempt to resolve the parties' dispute and preparing for and participating in discovery conferences with Judge Pryor, which included preparing for and participating in a discovery conference with Judge Pryor, analyzing CJT's deficient supplemental tax records and identifying missing records relating to CJT's revenues, expenses, and profits, emailing CJT's counsel regarding CJT's deficient supplemental tax records, analyzing Amazon's supplemental document production, drafting Barrette's position regarding the discovery dispute with Amazon for Judge Pryor, analyzing Amazon's position regarding the discovery dispute, preparing for and participating in another discovery conference with Judge Pryor:

$6,162.30

g. Costs and attorneys' fees incurred in December 2022 and January 2023 in continuing to attempt to resolve the parties' dispute and preparing Barrette's detailed and

EXHIBIT 23
7

verified itemization of costs and attorneys' fees, which included emailing Amazon's counsel regarding its supplemental document production, analyzing Judge Pryor's order granting in part Barrette's contempt motion and denying CJT's evidentiary hearing motion, analyzing Amazon's supplemental document production, emailing CJT's counsel regarding CJT's failure to comply with court orders and the continued depositions of CJT, Jett, and Lewis-Jett, analyzing, reducing, and redacting 11 months of Barrette's legal bills to prepare Barrette's detailed and verified itemization of costs and attorneys' fees, and drafting Barrette's detailed and verified itemization of costs and attorneys' fees.

$16,750.80

Total Costs and Attorneys' Fees Incurred: $84,982.65

Attachment A.

21. Many of the fees associated with the above tasks could have been avoided, but were ultimately incurred due to CJT's litigation tactics and maneuvering.

22. Barrette's total costs and attorneys' fees incurred to date related to obtaining information and documents regarding CJT's work for Amazon and its revenues, expenses, and profits does not include two significant activities: (1) the multi-attorney analysis of thousands of invoices produced by CJT—none of which provided any information related to CJT's work for Amazon or its revenues, expenses, or profits related to that work; and (2) the preparation for and taking of the depositions of CJT, Jett, and Lewis-Jett. These two items resulted in Barrette incurring costs and attorneys' fees of $8,457.30 and $29,110.18, respectively. Attachment A at 15–25.

EXHIBIT 23
8

23. Although Barrette's total costs and attorneys' fees incurred to date does not include these two significant items, I anticipate Barrette will incur additional attorneys' fees and costs analyzing documents relating to CJT's work for Amazon and its revenues, expenses, and profits and preparing for and taking continued depositions of CJT, Jett, and Lewis-Jett related to these documents. Based on Barrette's prior attorneys' fees and costs related to similar activities, I conservatively estimate Barrette will incur attorneys' fees and costs of $9,703.40 in analyzing these documents and preparing for and taking the continued depositions of CJT, Jett, and Lewis-Jett—although this number could be much higher. This estimate equals only one-third of the fees and costs incurred in preparing for and taking the depositions of CJT, Jett, and Lewis-Jett.

24. Barrette's total costs and attorneys' fees incurred to date related to obtaining information and documents regarding CJT's work for Amazon and CJT's revenues, expenses, and profits, $84,982.65, and Barrette's anticipated attorneys' fees and costs related to analyzing additional documents and preparing for the continued depositions of CJT, Jett, and Lewis-Jett, $9,703.40, equal the total amount of $94,686.05.

25. ==Based on my decades of experience in this industry and in overseeing attorneys throughout my career, it is my opinion Barrette incurred necessary, warranted, and reasonable legal costs and fees== to obtain information and documents regarding CJT's work for Amazon and its revenues, expenses, and profits in 2019, 2020, 2021, and 2022, as reflected by the fact Barrette has timely paid all invoices.

EXHIBIT 23
9

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

/s/ *Todd J. Kaiser*
Todd J. Kaiser

January 6, 2023
Date

EXHIBIT 23
10