UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLIFTON JETT TRANSPORT, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BARRETTE OUTDOOR LIVING, INC., ) <br> ) <br> Defendant. ) <br> _____) <br> ) <br> BARRETTE OUTDOOR LIVING, INC., ) <br> ) <br> Counter Claimant, ) <br> ) <br> v. ) <br> ) <br> CLIFTON JETT TRANSPORT, INC., ) <br> ) <br> Counter ) <br> Defendant. ) | No. 1:21-cv-01064-JPH-MKK |

**ORDER GRANTING IN PART MOTION FOR FEES**

The Court previously granted Barrette Outdoor Living, Inc.'s motion for sanctions against Clifton Jett Transport, Inc. ("CJT") and awarded Barrette reasonable attorney's fees and costs. Barrette then filed an updated motion for attorney's fees and costs, which is now fully briefed. For the reasons that follow, the Court **grants Barrette's motion in part, awards** Barrette $114,704.44 in fees and costs incurred thus far, and sets a briefing schedule for fees and costs related to Barrette's Reply Brief. Barrette has until **March 6, 2024** to file a supplemental petition for fees related to its Reply Brief, and CJT shall have until **March 13, 2024** to file any objection.

1

# I.
# Background

The relevant factual background is set forth in the Court's Order on Cross Motions for Sanctions (the "Sanctions Order").  Dkt. 155 at 2–11.  There, the Court ordered "an award of attorney's fees and costs to Barrette for the reasonable fees and expenses associated with litigating its motion for contempt, dkt. 72, responding to CJT's objection, dkt. 114, and defending against CJT's motion for contempt, dkt. 127, through final resolution of the fee award."  *Id.* at 21.

After the parties failed to reach an agreement on fees, Barrette submitted its Fee Petition for $182,856.40.  Dkt. 169 at 4.  CJT filed a response objecting to most of the fees sought by Barrette and asking the Court to reduce Barrette's fee award to $36,857.97.  Dkt. 175 at 1.

# II.
# Applicable Law

Fees are "based on a calculation of the 'lodestar'—the hours reasonably expended multiplied by the reasonable hourly rate.  *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012).  A "district court has significant discretion in determining the lodestar" but "cannot base its decision on an irrelevant consideration or reach an unreasonable conclusion."  *Id.*  "After calculating the lodestar, the court may adjust the figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation."  *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 675, 682 (7th Cir. 2022).

# III.
# Analysis

In support of its fee petition, Barrette filed 125 pages of billing records and categorized the fees by general subject matter of work involved. Dkt. 169 10–16 (categorizing fees sought by subparagraphs (a) – (l)); dkt. 169-3. The fee petition is supported by the Declaration of Todd J. Kaiser. Dkt. 169-3. CJT filed a 27-page response that is supported by 25 exhibits, arguing that some categories of fees identified by Barrette should not be awarded at all, and that the amount of fees sought by Barette in other categories should be substantially reduced. *See* dkt. 175.

### A. Fees for work performed before August 3, 2022, are not within the scope of the Sanctions Order

The first 48 pages of Barrette's billing records are for fees related to work performed before August 3, 2022, s*ee* dkt. 169-3 at 15–63. These fees relate to discovery requests made by Barrette for information related to CJT's work for Amazon, discovery on other matters, and the resolution of the parties' discovery disputes. Dkt. 169-3 at 16–63. Barrette's billing records first mention the contempt motion, dkt. 72, in an August 3, 2022, entry, *id.* at 64.

Barrette argues that fees related to the work done before August 3, 2022, are within the scope of the Sanctions Order, which awarded costs and fees "associated with litigating [Barrette's] motion for contempt." Dkt. 169 at 2. CJT argues that Barrette should not be awarded fees for work performed prior to August 9, 2022 because CJT did not violate the Magistrate Judge's order until that date, when it missed the deadline to produce Amazon-related

3

documents.  Dkt. 64 (ordering production); dkt. 66 (extending deadline to August 9, 2022); *see* dkt. 175 at 14.

Barrette's time entries that predate August 3, 2022, relate to work performed in conjunction with the initial discovery dispute, not the motion for contempt or efforts to obtain discovery after CJT failed to comply with the Court's order to produce certain records by August 9, 2022.  Fees for work performed before August 3, 2022, are therefore not within the scope of the Sanctions Order which states in relevant part:

> Taking the entire record and CJT's course of conduct into account here, the Court finds that **an award of attorney's fees and costs to Barrette** for the reasonable fees and expenses associated with litigating its motion for contempt, dkt. 72, responding to CJT's objection, dkt. 114, and defending against CJT's motion for contempt, dkt. 127, through final resolution of the fee award is appropriate and proportionate.

Dkt. 155 at 21.

Barrette's broad interpretation is not supported by the plain language of the Sanctions Order, which limits the award to fees "associated with litigating [Barrette's] motion for contempt."  The Sanctions Order does not authorize the recovery of, for example, fees incurred due to CJT's recalcitrance to respond to Barrette's discovery requests for records relating to CJT's work for Amazon.  The Court imposed sanctions under Rule 37, *id.* at 20–21, which "does not authorize an award of fees for every action or expense a party takes related to the discovery dispute."  *State Farm Mut. Ins. Co. v. Indiana Pub. Trans. Co.*, No.1:22-cv-1113-JRS-MJD, 2023 WL 2712324, at *1 (S.D. Ind. Mar. 29, 2023) (discussing Rule 37(a)(5)(A)).   And the phrase "associated with litigating [Barrette's] motion for contempt" appears in a sentence that identifies specific

4

events with corresponding docket entries, all of which are directly related to Barrette's motion for contempt. Last, the basis for the Court's order was CJT's failure to do what the Court ordered—produce records relating to CJT's work for Amazon. Dkt. 155 at 13. So, costs and fees associated with Barrette's litigating the motion for contempt, dkt. 72, and the later related motions and responses, dkts. 87; 90; 91; 114; 127; 137; 169; 175; 176, are within the scope of the Sanctions Order. *See* dkt. 155 at 21. This includes time spent drafting the contempt motion (and the corresponding time entries from August 3 – August 9) but none of the fees incurred before August 3, 2022. Dkt. 155 at 21.

### B. Reasonableness of the fees for work performed between August 3, 2022 and August 18, 2023

The Court has carefully reviewed the time entries for work performed between August 3, 2022, and August 18, 2023. Dkt. 169-3 at 64–140. For ease of reference and clarity, the Court has highlighted a copy of those records.[1] *See* Ex. A (attached).

The records highlighted in red are for fees that the Court does not include in the award and were opposed by CJT as unrelated to litigating the motion for contempt. *See* dkts. 175-8; 175-9; 175-10 (extracting unrelated entries). These entries relate to a variety of other litigation tasks or lack sufficient explanation as to why they are associated with the motion for contempt. *See State Farm*, 2023 WL 2712324 at *1 (noting that Rule 37(a)(5)(a)

---

[1] The highlights begin on page 64. All preceding pages are excluded from the fee calculation because they do not relate to the motion for contempt litigation, as discussed above.

5

"does not authorize an award of fees for every action or expense a party takes related to the discovery dispute").

Notably, fees for entries relating to additional depositions Barrette took after Amazon and CJT finally produced discovery were not awarded. Depositions are not a task "made necessary by the opposing party's failure to provide the requested discovery." *See* dkt. 169 at 9–10 (Barrette's brief quoting *Rackemann v. LISNR, Inc.*, No. 1:17-cv-624-MJD-TWP, 2018 WL 3328140 (S.D. Ind. July 6, 2018). Barrette does not cite authority approving of deposition awards in cases like this one. *See* dkt. 169 at 10 (discussing cases awarding fees for motion practice and meetings with opposing counsel but not depositions). Barrette's counsel made a strategic decision to depose Clifton Jett and others following its receipt of Amazon and other tax documents. This is separate from the contempt issue.

The records highlighted in orange are for fees that are included in the award over CJT's objection that they relate to "other litigation matters" or were "otherwise unnecessary work." Dkt. 175 at 15–20; *see* dkts. 175-8; 175-9; 175-10; 175-13 (extracting unrelated entries).

The fees incurred in connection with discovery after CJT failed to comply with the Court's August 9, 2022, deadline are compensable. The discovery dispute in this case dragged on past August 9, 2022, because CJT failed to "produce records that it had been ordered to produce." Dkt. 155 at 1. Sanctions followed. The subsequent discovery-related entries are "associated" with the motion for contempt—the entire contempt issue stems from CJT's

6

noncompliance with discovery obligations.[2] *See* dkt. 175 at 11 (quoting *Rackemann* and acknowledging the purpose of Rule 37 "is to make the injured party whole, as well off as if the opponent had respected his legal rights in the first place."); dkt. 155 at 21.

Last, entries highlighted in green are for fees that are included in the award and were not categorically opposed by CJT.[3] Barrette has shown that the fees included in the Court's award are reasonable. *See* dkt. 169-3 at 2–13 (detailed declaration from Todd J. Kaiser, the lead partner in this case for Ogletree Deakins). [4]

### C. Additional issues

#### 1. Ogletree Deakins billing record analysis

After the Court entered the Sanctions Order, dkt. 155 at 22, Barrette's counsel began analyzing its time entries to determine which fees and costs would be included in Barrette's fee petition. *See* dkt. 169-3 at 135 (first mention of legal bill analysis after Sanctions Order); dkt. 169-3 at 4 (Todd J. Kaiser Declaration stating he has reviewed the legal bills relating to this matter). The billing analysis entries from July 17, 2023 until July 24, 2023 do

---

[2] CJT argued that other entries should be excluded as well. The Court has highlighted in red all entries that are excluded from the fee award. Entries that are included over CJT's objection are highlighted in orange and are awarded based on the rationale above. In making this determination, the Court has considered all objections raised by CJT in its fee petition response, dkt. 175.
[3] CJT argues some of these fees should be reduced. *See* dkt. 175 at 20. This is discussed below.
[4] Mr. Kaiser states that associate Kevin E. Roberts handled a "large majority of the work in this case." *See* dkt. 169-3 at 2–3. This is yet another indication the billing practices employed by Ogletree Deakins were reasonable. They relied heavily on associate time and achieved a favorable result for their client on the contempt issue.

7

not specify the dates of the billing records Barrette's counsel was analyzing. The first 48 pages of Ogletree's billing records, or 38.4% of 125 pages of billing records submitted, are excluded from the fee award because they related to work performed before August 3, 2022. Since the billing analysis entries do not identify the dates of the time entries being analyzed, the Court reduces the fee award for time spent analyzing billing entries by 38.4%.

Fees for all other billing analysis entries will be awarded, since they relate to time entries for fees that the Court has found to be within the scope of the Sanctions Order. *See supra*; dkt. 155 at 21 (Sanctions Order).

### 2. Reasonable time expended

After reducing the fees to account for the Court's rulings above, the total fee award is $114,704.44.

CJT does not dispute the reasonableness of the hourly rates charged by Barrette's counsel but argues that there are "duplicative" and "excessive" entries that warrant reduction of the award. Dkt. 175 at 12; 20–24.

The Seventh Circuit has encouraged district courts to "scrutinize fee petitions for duplicative billing when multiple lawyers seek fees." *Schlacher v. Law Offs. of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 858 (7th Cir. 2009). In *Schlacher*, the defendant submitted "detailed objections to the hours billed, identifying precisely which entries were excessive or redundant." *Id.* at 858–59.

CJT asks the Court to further reduce the fee award by applying a general benchmark of "one hour per page" to fees related to Barrette's briefing. Dkt. 175 at 21. Applying that standard, CJT argues that 13.1 of Barrette's claimed

8

hours should be excluded. *Id.* at 22. CJT reasons that Barrette's briefing totaled 35 pages and that 32.6 hours were reasonably expended by Kevin Roberts, while the remaining 13.1 hours billed by other attorneys and staff was excessive. The Court overrules CJT's objection to the additional 13.1 hours and awards the entire 45.7 hours. First, the Court is not persuaded by CJT's argument that the "one hour per page" guidepost must be strictly applied. *See Struve v. Gardner*, No. 1:19-cv-4581-RLY-MJD, 2021 WL 1948868 (S.D. Ind. May 14, 2021) (cited by CJT and noting "billing approximately one hour per page is *not unreasonable* on its face") (emphasis added); *Zollicoffer v. Gold Standard Baking, Inc.*, No. 13-cv-1524, 2018 WL 11630893, at *2 (N.D. Ill. Sep. 6, 2018) ("[T]he court may adjust the [hours] based on factors such as the degree of success achieved and the adequacy of documentation."). Second, Barrette billed only slightly above CJT's "one hour per page" figure (1.31 hours per page), and Barrette's counsel achieved a successful result for their client in this matter. The Court has reviewed the individual entries and concludes they are reasonable, and not excessive or duplicative. Therefore, Barrette's fees will not be reduced further.[5]

### 3. Barrette's Reply Brief

Barrette did not include billing records for the time spent on its reply brief in support of its fee petition but estimates these fees at $10,000.

---

[5] This analysis also applies to CJT's arguments that fees should be reduced for briefing on Barrette's response to "Plaintiff's Objection to Magistrate's Report and Recommendation," for CJT's motion for Contempt Order, and for the June 7, 2023 hearing. *See* dkt. 175 at 21–24.

9

Pursuant to the Sanctions Order, Barrette will be compensated "through final resolution of the fee award," so reasonable fees incurred in connection with preparing its reply brief, dkt. 176, are within the scope of the award. *See* dkt. 155 at 21.

### IV.
### Conclusion

For the reasons set forth in this Order, Barrette's motion for fees is **granted in part and the Court awards Barrette $114,704.44 in fees**. Barrette has until **March 6, 2024** to file a supplemental petition in support of these fees. CJT shall have until **March 13, 2024** to file any objection. After the Court considers Barrette's supplemental fee petition relating to the Reply Brief, the Court will add the additional fees that are awarded for that work to the $114,704.44 and enter an order for the total amount of fees awarded.

**SO ORDERED.**

Date: 2/29/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.